**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ESTER BURNETT,

                Plaintiff - Appellant,

    v.

DUGAN, Doctor; et al.,

                Defendants - Appellees.

No. 11-56816

D.C. No. 3:08-cv-01324-L-WVG

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, District Judge, Presiding

Submitted July 24, 2013[**]

Before:    ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

    Ester Burnett, a California state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs. We have jurisdiction under 28 U.S.C.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo the district court's dismissal for failure to state a claim. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010). We affirm.

The district court properly dismissed Burnett's deliberate indifference claims against defendants Dugan and Hawthorne because Burnett failed to allege facts in his operative second amended complaint showing that defendants acted with deliberate indifference in their treatment of Burnett's back pain. *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (to establish that a difference of opinion amounted to deliberate indifference, a prisoner must show that the defendants' chosen course of treatment was medically unacceptable and in conscious disregard of an excessive risk to the prisoner's health); *see also Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) ("A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" (citation omitted)); *Galen v. County of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007) (§ 1983 does not provide a cause of action for alleged violations of state law).

The district court did not abuse its discretion in denying Burnett's motion to amend the complaint because amendment would have been futile. *See Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (setting forth standard of review and

noting that "[f]utility alone can justify the denial of a motion to amend" (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Burnett's motion to file an oversized reply brief is granted. The Clerk shall file the reply brief submitted on January 25, 2013.

**AFFIRMED**.